| | |
|---|---|
| CORASH & HOLLENDER, P.C.<br>Attorneys for Defendants<br>Alan Drezin and Nissim Ochana<br>The Corporate Park of Staten Island<br>1200 South Avenue, Suite 201<br>Staten Island, NY, 10314<br>Tel.: (718) 442-4424<br>info@silawfirm.com<br>Paul Hollender, Esq. | |
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | |
| In Re:<br>    Ayala Ochana<br>*Debtor* | Chapter 7<br>Involuntary<br><br>Case No. 24-44862-jmm |
| Shlomo Ofergan<br>       Plaintiff<br>  v.<br>Alan Drezin, ESQ., and Nisim Ochana,<br>       Defendants | Adversary Case No. 25-01006-jmm |

# ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

      Defendants Alan Drezin ("Drezin") and Nissim Ochana (sued as "Nisim" but actually "Nissim" and so denominated hereinafter), as and for their Answer to the Complaint, Affirmative Defenses and Counterclaim herein, by their Attorneys Corash & Hollender, P.C., set forth the following:

## AS TO VENUE

1)     Defendants do not dispute Venue

## AS TO JURISDICTION

2)     As to the allegations in Complaint paragraphs 1, 2 and 3 that this court has

jurisdiction, Defendants Deny that such jurisdiction exists prior to entry of an Order for Relief.

## AS TO PLAINTIFF'S STATEMENT OF FACTS

3)     As to the allegations in **Complaint paragraph 1**,

    a. Defendant Drezin Admits that an involuntary bankruptcy petition was filed

       but denies that he had actual knowledge of same prior to January 16, 2025.

b. Defendant Nissim Denies Knowledge or Information sufficient to form a belief.

4) As to the allegations in **Complaint paragraph 2**,

   a. Defendant Drezin Admits that a notice of bankruptcy filing was placed on the NYSCEF docket of matrimonial action 51345/2020 on or about <u>December 4, 2024,</u> but denies that he had actual knowledge of same prior to <u>February 18, 2025</u>.[1]

   b. Defendant Nissim Denies Knowledge or Information sufficient to form a belief.

5) As to the allegations in **Complaint paragraph 3**,

   a. Defendant Drezin Admits that a Notice of Removal was placed on the NYSCEF docket of matrimonial action 51345/2020 on <u>December 17, 2024</u> (not December 12, as alleged in the Complaint), but denies that he had actual knowledge of same prior to <u>January 16, 2025</u>.

   b. Defendant Nissim Denies Knowledge or Information sufficient to form a belief.

6) As to the allegations in **Complaint paragraph 4**,

   a. Defendant Drezin Denies the allegations, except Admits than on <u>December 10, 2024,</u> he sent a letter to Ayala Ochana which speaks for itself.

   b. Defendant Nissim Denies Knowledge or Information sufficient to form a belief.

---

[1] Although the Adversary Complaint here recites "Exhibits "A" through "E" no such exhibits appear on this Court's Docket, nor were any annexed to the Complaint served.

7) Defendants Deny the allegations in **Complaint paragraph 5**, except Admit that on November 14, 2024, Nissim and an actual purchaser entered into a contract to sell premises 1961 E 22nd Street, the marital residence of Ayalla Ochana (incorrectly named in the involuntary petition as "Ayala") and Nissim, title to which is solely in the name of Nissim, for $1,150,000, with a closing set for January 7, 2025, with the net proceeds to be placed in the escrow account of Defendant Drezin, pursuant to a Decision and Order of Supreme Court Justice Rachel Adams dated October 7, 2024, subject to a subsequent determination by Justice Adams as to the equitable distribution of such funds.

8) Defendants Deny the allegations in **Complaint paragraph 6,** except Admit that Defendants have acted in compliance with the aforesaid State Court Order to sell the marital property.

9) As to the allegations in **Complaint paragraph 7,**

   a. Defendant Drezin Admits that he received a letter from Plaintiff dated December 17, 2024, but disregarded same because Plaintiff was not an attorney, the letter did not come from Ayalla Ochana, did not contain any official Court documents, and he did not know who Shlomo Ofergan was, or his relationship to the matrimonial case. Upon inquiry to Nissim he was advised that Ofergan was the brother of Ayalla, known to Defendants to have a reputation of past questionable dealings. Accordingly, Drezin disregarded the letter, pending receipt of official documents from a Court.

   b. Other than as set forth in sub-paragraph "a", above, Defendant Nissim Denies Knowledge or Information sufficient to form a belief.

10) As to the allegations in **Complaint paragraph 8**,

a. Drezin Denies the allegations, except admits that on December 30, 2024, he filed an application for an Order to Show Cause in the matrimonial case because Ayalla Ochana was in violation of Judge Adams' October 7, 2024 Order by refusing to vacate the marital residence and thereby was precipitating a default on the Contract of Sale that had been executed on November 14, 2024 , and that Drezin had never personally received any documents from the Bankruptcy Court, or from the District Court indicating that a bankruptcy case had actually been filed or that the matrimonial case had been Removed to the District Court; that Justice Adams thereafter signed the Order to Show Cause; and that he did not receive actual notification of the Bankruptcy Stay and the Removal until January 16, 2025, at the hearing on the Order to Show Cause, when Judge Adams provided him with a copy of the Notice of Bankruptcy Filing and the Notice of Removal which had been filed on the NYSCEF Docket, without Drezin's actual knowledge; that thereupon, Judge Adams issued a Short-Form Order adjourning the hearing due to the Bankruptcy Stay; that the following day, January 17, 2025 Drezin consulted with the undersigned bankruptcy counsel to investigate the facts and provide legal guidance; and that on February 18,2025, upon advice of bankruptcy counsel, Drezin logged into his NYSCEF account and discovered both the Notice of Bankruptcy Filing and the Notice of Removal, which had been filed electronically, and which Drezin had never before seen.
b. Defendant Nissim Denies Knowledge or Information sufficient to form a belief.

11) Defendants Deny the allegations in **Complaint paragraph 9**, except Admit that Judge Adams did not know of the pending bankruptcy or the Removal to the District Court at the time she signed the Order to Show Cause, but that she discovered them prior to the January 16, 2025 hearing.

12) As to the allegations in **Complaint paragraph 10** Drezin was unaware of any relationship, between the Plaintiff and the present case until approximately three days after receiving Ofergan's December 17th letter when he inquired of Nissim, and, upon learning that Ofergan is the Brother of Ayalla, and being aware of his reputation, Drezin decided to disregard Ofergan's interloping into Ayalla's matrimonial case, absent Drezin's receipt of a formal document from a Court, or contact by an actual attorney.

13) Defendants deny the allegations in **Complaint paragraph 11**.

## AS TO THE PARTIES

14) Defendants Admit the allegations in **Complaint paragraphs 12, 13, and 14.**

## AS TO THE CAUSES OF ACTION

15) Defendants Deny the allegations in **Complaint paragraphs 15, 16, 17 and 18.**

## FIRST AFFIRMATIVE DEFENSE [Drezin]
## Lack of facility with Electronic Case Filing

16) Drezin is a highly experienced federal and state court attorney with over 60 years of experience but is 86 years of age and does not regularly use NYSCEF. Because of this he did not notice the filing of the Notice of Filing of the Bankruptcy Case, nor the Notice of Removal to the District Court.

17) Had Drezin been actually aware of these filings from a trusted source, he would have consulted bankruptcy counsel at an earlier time.

18) Drezin's immediate consultation with the undersigned bankruptcy attorney the day after Justice Adams informed him of both the bankruptcy and the Removal, establish his good faith and respect for both the Bankruptcy Court and the District Court.

19) Mr. Drezin's hand-delivery to the District Court (rather than by electronic filing) of a letter-request for Remand on <u>January 22, 2025</u>, discussed below, establishes both his good faith and his lack of proficiency with Electronic filings

20) District Court Judge Reyes' Order to Show Cause why the case should not be Remanded, issued on <u>January 27, 2025,</u> discussed below, in response to Drezin's letter highlights the bad-faith of Ofergan and his sister in collaborating to "manufacture" a bankruptcy case for the sole purpose of Removing the matrimonial proceeding to the District Court, and thereby causing Nissim to default on his <u>November 14,2024</u> Contract of Sale, are evidence of the bad faith of Ofergan and Ayalla Ochana.

21) This Adversary Proceeding is not justiciable prior to entry of an Order for Relief

## SECOND AFFIRMATIVE DEFENSE [Drezin]
## <u>Mistake of Fact</u>

22) Drezin's, belief that Ofergan's December 17, 2024, letter was a fabricated effort to prevent the January 7, 2025 closing, was a mistake of fact, based upon (i) a determination that Ofergan was not an attorney, and (ii) discovery that Ofergan was Ayalla Ochana's brother who could not be trusted and that therefore the alleged Bankruptcy and the alleged District Court Removal were baseless.

23) Drezin's (i) correspondence to Ayalla in furtherance of Judge Adams' Order for cooperation in the sale of the marital home, and in furtherance of the fully-executed Contract of Sale; and (ii) filing of the application for an Order to Show Cause to prevent Ayalla from interfering with the closing and mandating her to vacate the premises were not acts intended to

violate the automatic stay, but rather legitimate acts to assure Nissim's ability to comply with the terms of the contract of sale.

### THIRD AFFIRMATIVE DEFENSE[Drezin]
### Mistake of Law

24) Drezin's mistaken belief that he was not bound by a bankruptcy filing if and until he personally received notice from the Bankruptcy Court, caused him to take certain actions to assure his client's ability to comply with the terms of a court-ordered contract of sale, accordingly, such acts were not intended to violate the automatic stay, but rather intended to assure Nissim's ability to comply with the terms of the contract of sale.

### FOURTH AFFIRMATIIVE DEFENSE
### Lack of Standing

25) Plaintiff is an alleged creditor, whose claim has not been proven, thus he does not have Standing to bring this Adversary Proceeding

26) Even if Plaintiff had a proven claim, only the Debtor or the Chapter 7 Trustee would have Standing to bring this Adversary Proceeding.

### FIFTH AFFIRMATIVE DEFENSE
### Lack of Justiciability

27) No Order of Relief has been entered, thus this action is not justiciable

### SIXTH AFFIRMATIVE DEFENSE
### Bad-Faith Filing

28) Upon information and belief, Petitioning Creditor does not have a valid Claim.

29) Upon information and belief , the Alleged Debtor does not have debts that she is not paying as they become due.

30) The within Involuntary Petition was not filed in good faith and should be dismissed.

31) Since the within case should be dismissed, jurisdiction for this adversary proceeding evaporates and the proceeding should be dismissed. .

## COUNTERCLAIM
## TORTIOUS INTERFERENCE WITH CONTRACT

32) On October 7, 2024, (**Exhibit 1**) Justice Rachel Adams issued a Decision and Order directing the immediate sale of 1961 E 22nd Street, Brooklyn, the marital residence of Ayalla and Nissim Ochana, title to which was solely in the name of Nissim Ochana, in furtherance of a special proceeding for Equitable Distribution following a foreign Divorce, with the proceeds to be held in escrow by Alan Drezin, the Defendant-Husband's attorney, subject to a future hearing on Equitable Distribution. Justice Adams directed both parties to cooperate with the sale. Judge Adams urged speed, and she warned that she would not stop the pending foreclosure action.

33) On November 12, 2024, Drezin sent Ayalla a letter advising her of the pending sale. and the need for her to prepare to move. (**Exhibit.2** ),

34) On November 14, 2024, the Contract of Sale for $1,150,000 with a Closing scheduled for January 7, 2025 (**Exhibit 3**.)

35) On December 10, 2024, Drezin sent a second letter, advising her that the matrimonial case was adjourned until January 16th and advising of his intention to bring an Order to Show Cause causing her to be penalized in the equitable distribution award if she did not move out by January 31, 2025. (**Exhibit 4**).

36) On December 30, 2024, due to Ayalla's failure to cooperate, Drezin brought an Order to Show Cause before Justice Adams due to Ayalla's violation of Justice Adams' October 7th Order

37) On January 2, 2025, in an effort to prevent default on the contract of sale, Drezin sent a third letter to Ayalla, advising her that the purchaser had obtained a mortgage commitment and was ready to close as scheduled, but was willing to extend the closing date if she moved out by January 31, 2025 (**Exhibit.5**)

38) On January 16, 2025, at the hearing on the Order to Show Cause, Judge Adams advised Mr. Drezin of the pending bankruptcy case, and the Removal of the matrimonial proceeding to the Federal District Court and adjourned the matter, pending an Order from the Bankruptcy Court.

39) On January 17, 2025, Mr. Drezin contacted bankruptcy counsel for advice.

40) Upon investigation by bankruptcy counsel it was discovered that a sophisticated maneuver had taken place to interfere with the Contract of Sale entered into pursuant to the October 7th Order : Shlomo Ofergan, the brother of Ayalla Ochana, as a single petitioning creditor had filed an involuntary chapter 7 bankruptcy petition against his sister on November 20, 2024, (*six days after execution of the contract of sale*) based upon a purported $27,000 promissory note Ayalla allegedly owed him.

41) After filing of the involuntary bankruptcy petition, apparently with the assistance of an experienced attorney, but prior to entry of an Order for Relief, Ayalla filed a Notice of Removal of the matrimonial proceeding the District Court on December 17, 2024.

42) This was followed by the commencement of the within Adversary Proceeding on January 15, 2025

43) On January 22, 2025, Mr. Drezin alerted District Judge Reyes to the unusual circumstance which had been placed before the District Court in a letter which he hand-delivered to the Clerk of the Court on January 22, 2025 (**Exhibit 6**)

44) In response, Judge Reyes issued, on January 27, 2025 an Order to Show Cause to Ayalla why the matrimonial action should not be remanded to the State Court. (**Exhibit 7**)

45) It cannot be clearer that the foregoing complex legal maneuver was intentionally designed to interfere with the arms-length contract of sale of the Matrimonial Residence entered into on November 14, 2024, which was supposed to have closed on January 7, 2025. Mr. Ofergan is not a party to the contract of sale and his actions have not only impacted Justice Adams' effort to expeditiously determine equitable distribution issues in the matrimonial proceeding, but have also created damages to the contract vendee, and to Nissim.

WHEREFORE, it is respectfully requested that judgment be granted:

(i) Dismissing the within Adversary Complaint

(ii) Imposing damages against Mr. Ofergan in amount to be determined at trial, inclusive of (a) attorney's fees in this action; (b) attorney's fees in seeking to remand the matrimonial proceeding back to the State Court; (b) attorney's fees in motion practice and other proceedings in this Court; (c) attorney's fees in the Supreme Court proceeding related to the delay in the closing; (d) attorney's fees in the District court; damages to the contract-vendees; and (e) damages to Nissim for potential loss of purchaser or other costs or damages relating to Nissim's failure to timely deliver title pursuant to the contract.

(iii) Imposing punitive damages

(iv) And for such other relief as is determined by this Court.

Dated: Staten Island, N.Y.  Corash & Hollender, P.C.
      February 19, 2025  Attorneys for Defendants

By: */s/ Paul Hollender*
    Paul Hollender, Esq.
The Corporate Park of Staten Island
1200 South Avenue, Suite 201
Staten Island, N.Y. 10314
Tel 718-442-4424
Email info@silawfirm.com